# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5535 | **DATE** | 7/23/2012 |
| **CASE TITLE** | United States ex rel. Milton Pope (#B-17802) v. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Ppetitioner's motion to proceed in forma pauperis [#2] is granted. However, the petition for a writ of habeas corpus on file is stricken. Petitioner is given thirty days to submit an amended petition (plus a judge's copy and a service copy). The amended petition must be on the Court's required form. The Clerk is directed to send Petitioner an amended habeas form and instructions along with a copy of this order. Failure to comply by August 15, 2012, will result in summary dismissal of this case.

■[**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

Milton Pope, a state prisoner, has filed a *pro se* motion to set aside his sentence, purportedly pursuant to 28 U.S.C. § 2255. Petitioner filed his petition in the Central District of Illinois, and the Central District transferred the case to the Northern District on July 13, 2012. However, the Court has determined that Petitioner's petition is actually a petition seeking habeas relief pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1991, Cook County convictions for attempted murder and home invasion on various grounds.

Petitioner having shown that he is indigent, his motion to proceed *in forma pauperis* is granted. However, the petition for a writ of habeas corpus on file is stricken. Inmates seeking habeas relief are required to use the Court's approved form. *See* NDIL Local Rule 81.3(a). Here, the tendered petition does not provide the information elicited by the Court's standard form. The way the petition is formatted, it is difficult to determine what grounds the petitioner advances for reversal of his conviction. Each basis for relief should be set forth in a separate section. Moreover, each issue raised must have been presented to the state courts. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

In addition, the petition lacks relevant dates. The Court cannot ascertain from the petition whether Petitioner directly appealed his conviction to the Illinois Supreme Court and, if so, when the Supreme Court rendered its decision; likewise, the Court cannot determine the dates of rulings on Petitioner's post-conviction petitions.

**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

Without the dates pertaining to rulings on the petitioner's direct appeal and post-conviction petitions, the court cannot determine whether this habeas action was filed in a timely manner. According to 28 U.S.C. § 2244(d)(1),

> a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . . " 28 U.S.C. § 2244(d)(2).

In order for the Court to confirm that Petitioner's post-conviction petitions were "properly filed," Petitioner must also indicate whether the state courts considered the merits of the various post-conviction petitions, or simply dismissed them as untimely or improperly filed.

Petitioner is granted thirty days to submit his amended petition. The amended petition must be on the form required under Local Rule 81.3(a) of this Court. Petitioner must write both the case number and the judge's name on the amended petition and return it to the Prisoner Correspondent, along with a copy for the judge and a copy for the Attorney General. The amended petition replaces or supersedes the original petition. In other words, after Petitioner files an amended petition, the Court will no longer consider the original petition. Thus, grounds contained in the original petition will not be considered if they are not included in the amended petition. Therefore, Petitioner **must include in his amended petition all grounds he wants the court to consider.**

The Clerk will provide Petitioner with the necessary forms. Failure to comply with these directives within thirty days will result in summary dismissal of this case.