# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5535 | **DATE** | 3/4/2013 |
| **CASE TITLE** | U.S. ex rel. Milton Pope (#B-17802) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

Petitioner has submitted his amended petition for habeas relief as ordered. On review, the Court finds that pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition for a writ of habeas corpus is summarily dismissed on preliminary review as time-barred. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's motion for assistance of counsel [#10] is denied as moot.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On July 23, 2012, the Court ordered Petitioner to submit an amended petition for habeas relief, as he had failed to include enough facts in his original petition for the Court to determine whether his petition was timely. Petitioner submitted an amended petition as ordered. Having reviewed Petitioner's amended petition, the Court finds that the petition is barred by the one-year statute of limitations.

Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

In 1991, Petitioner entered a guilty plea in his Cook County criminal case in which he was charged with home invasion and two counts of attempted first degree murder. Petitioner was sentenced to fifty years on each count, to be served concurrently. Without filing a motion to vacate his plea, Petitioner filed a *pro se* notice of appeal on November 12, 1991. On September 3, 1993, the Illinois Appellate Court dismissed Petitioner's appeal on a motion from his counsel.

Petitioner then waited six years, filing his first post-conviction petition on September 22, 1999. The trial court found the post conviction petition untimely and summarily dismissed. On appeal, the trial court's summary dismissal of the post conviction petition was remanded with instructions that counsel be appointed for Petitioner,

| STATEMENT |
|---|

and for the trial court to move forward with second-stage post-conviction proceedings. On remand, the trial court found that Petitioner was culpably negligent in waiting six years after his direct appeal to file his first post-conviction petition. The trial court's ruling on the remand was affirmed by the state appellate court. Petitioner has since filed several more post conviction petitions, the latest of which was dismissed on April 29, 2011. The chronology in this order was taken largely from the opinion of the Cook County Circuit opinion of April 29, 2011, attached to Petitioner's petition.

Section 2244(d) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Barring circumstances not present in this case, the one-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner failed to bring his collateral proceedings for six years after his appeal was completed on September 3, 1993, his collateral proceedings were untimely. The one year limitations period began running thirty-five days later which is the time provided under Illinois law to file his petition for leave to appeal to the Illinois Supreme Court (*see Kliner v. McCann,* Case No. 08 C 3134, 2008 U.S. Dist. LEXIS 94443, *4 (N.D. Ill. November 13, 2008) (Darrah, J.). Petitioner's time ran on October 8, 1994.

All of Petitioner's subsequent post-conviction actions, while considered by the state court, did not re-start the clock for purposes of timeliness of Petitioner's federal habeas petition. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). Petitioner filed multiple post conviction petitions, including one that in 2003 was remanded with directions to move forward to second stage proceedings. However, ultimately, all subsequent post-conviction proceedings were found to be untimely. Accordingly, although a "properly filed" state post-conviction petition tolls the one-year limitations period, *see* § 2244(d)(2), a state appellate court's clear dismissal of a state post-conviction petition as untimely renders the post-conviction petition not "properly filed" and such a petition does not toll the federal one-year limitations period. *Smith v. Battaglia*, 415 F.3d 649, 653 (7th Cir. 2005). As Petitioner's petition was received on July 5, 2012, it is time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997).

Accordingly, after preliminary review, the Court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's motion for appointment of counsel is denied as moot.

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because there is no substantial showing of a denial of a constitutional right in this case. *See Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, & n.4 (1983)); *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability).